## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY A. DAVIS and MADONNA S. DAVIS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No. 12-1185-SLR/CJB |
| ACE HARDWARE CORPORATION, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

At Wilmington this 11th day of April, 2014, having reviewed the well-reasoned

Report & Recommendation issued by Magistrate Judge Christopher J. Burke on

February 21, 2014 (D.I. 351), as well as the responsive papers filed in connection

therewith (D.I. 353, 355);

IT IS ORDERED that the Report & Recommendation is adopted, pursuant to 28

U.S.C. § 636(b), and plaintiffs' objections to such are rejected. The court finds no error

in Judge Burke's analysis, that is: (1) plaintiffs are Florida residents and the conduct at

issue took place in Florida; (2) under Delaware's choice of law rules, Florida's

substantive law governs; and (3) consistent with Judge Burke's in-depth and thoughtful

analysis of Florida's Asbestos Act ("the Act") under the Rules Enabling Act, it is

appropriate to consider § 774.205(2) of the Act not simply procedural in nature, but so

intertwined with the substantive rights and remedies provided for under the Act that its

requirements, demanding as they are, should be deemed applicable to plaintiffs at bar, even though they choose to file their complaint in Delaware. Therefore, as plaintiffs have failed to meet the requirements of § 774.205(2);

IT IS FURTHER ORDERED that defendants' motion to dismiss for failure to comply with the Act (D.I. 283) is granted.[1]  Plaintiffs' claims are dismissed without prejudice to file an amended complaint on or before **June 6, 2014** addressing the deficiencies noted in the Report & Recommendation. NOTE: If plaintiffs fail to timely file an amended complaint, their claims may be deemed dismissed with prejudice and the case closed.

IT IS FURTHER ORDERED that defendants' motion to stay (D.I. 287) is granted.

United States District Judge

---

[1]Defendant Paccar, Inc.'s motion to dismiss for failure to state a claim (D.I. 64) is denied as moot.

2