IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY A. DAVIS and <br> MADONNA S. DAVIS, <br><br> Plaintiffs, <br><br> v. <br><br> ACE HARDWARE <br> CORPORATION., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 12-1185-SLR-CJB <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM ORDER**

Presently pending before the Court in this action involving asbestos exposure claims is Plaintiffs Harry A. Davis and Madonna S. Davis' ("Plaintiffs") Motion for an Extension for Time to File an Amended Complaint ("Motion"). (D.I. 358) For the reasons set forth below, Plaintiffs' Motion is GRANTED, and Plaintiffs are granted an extension until July 14, 2014 to file an amended complaint.

**I. BACKGROUND**

This action was originally commenced in the Superior Court of the State of Delaware on July 19, 2012, (D.I. 1, ex. A), and was removed to this Court on September 21, 2012, (D.I. 1). On December 13, 2012, this case was referred to the Court by Judge Sue L. Robinson, for the Court to conduct all proceedings and hear and determine all motions, through and including the pre-trial conference. (D.I. 71)

On February 21, 2014, the Court issued a Report and Recommendation that, *inter alia*, recommended that the District Court grant without prejudice Defendants' motion seeking dismissal of Plaintiffs' Complaint for failing to comply with provisions of Florida's Asbestos and

Silica Compensation Fairness Act, FLA. STAT. §§ 774.201-209 ("Florida's Asbestos Act" or "the Act"). (D.I. 351) In particular, the Report and Recommendation concluded that Plaintiffs were required to, but had not, attached certain materials required by Section 774.204(3) of the Act ("Section 774.204(3)") to their Complaint. (*Id.* at 6-7, 37) After Plaintiffs objected to the Court's decision, (D.I. 353), on April 11, 2014, the District Court issued an Order adopting the Report and Recommendation. (D.I. 356) In that Order, the District Court stated that "Plaintiffs' claims are dismissed without prejudice to file an amended complaint on or before June 6, 2014 addressing the deficiencies noted in the Report [and] Recommendation[,]" but that "[i]f plaintiffs fail to timely file an amended complaint, their claims may be deemed dismissed with prejudice and the case closed." (*Id.* (emphasis omitted))

In the instant Motion, filed on June 5, 2014 (before the expiration of the June 6, 2014 deadline), Plaintiffs seek a further extension of time to file an amended complaint until July 14, 2014. (D.I. 358 at ¶ 10; D.I. 359) Defendants oppose the Motion, (D.I. D.I. 360), and briefing on the Motion was completed on June 30, 2014, (D.I. 364).[1]

## II. LEGAL STANDARD

---

[1] Defendants have filed a motion seeking leave to file a sur-reply brief regarding Plaintiffs' Motion. (D.I. 364) "A Court may grant leave to file a sur-reply if it responds to new evidence, facts, or arguments." *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co. Ltd.*, 291 F.R.D. 75, 80 (D. Del. 2013). As is discussed herein, Plaintiffs' opening brief should have contained a more full description than it did as to Plaintiffs' efforts to diligently address the deficiencies cited in the Report and Recommendation (and as to why, despite such diligent efforts, a further extension to the June 6, 2014 deadline is necessitated). (*See* D.I. 360 at ¶ 7) Plaintiffs instead addressed certain of these efforts for the first time in their reply brief, fairly rendering them "new evidence" or "new arguments" that Defendants may address by way of a sur-reply brief. For that reason, Defendants' motion seeking leave to file a sur-reply brief is GRANTED; the Court has considered the contents of that sur-reply brief in ruling on the instant Motion.

Federal Rule of Civil Procedure 6(b)(1)(A) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]" Fed. R. Civ. P. 6(b)(1)(A). "Good cause is understood to mean a legally sufficient reason, and it reflects the burden placed on a litigant ([usually] by court rule or order) to show why a request should be granted or an action excused." *Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 351 & n.6 (3d Cir. 2011) (internal quotation marks and citations omitted) (discussing the general understanding of the meaning of a "good cause" requirement, and noting that the requirement applies, *inter alia*, to decisions made pursuant to Rule 6(b)(1)).

In order to establish good cause pursuant to Rule 6(b)(1)(A), the moving party must demonstrate that it cannot reasonably meet the court's deadlines despite its diligence. *See, e.g., Louisiana Counseling & Family Servs., Inc. v. Mt. Fugi Japanese Rest.*, Civil No. 08-6143 (JHR/JS), 2013 WL 1844269, at *3 (D.N.J. May 1, 2013) (citing cases); *see also Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, Cause No. 1:12-CV-296, 2013 WL 3779060, at *1 (N.D. Ind. July 18, 2013). Courts have described Rule 6(b)(1)(A)'s "good cause" standard as "non-rigorous" and have noted that a request for an extension of time pursuant to the Rule should "'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (3d ed. 2004)); *see also Peche v. Keller*, No. 1:11CV362, 2012 WL 2128095, at *6 (M.D.N.C. June 12, 2012).

### III. DISCUSSION

3

As noted above, Plaintiffs are required to demonstrate, in order to establish good cause for the granting of their Motion, that they attempted to diligently meet the Court-imposed June 6, 2014 deadline for filing an amended complaint. As Defendants have noted, (*see, e.g.*, D.I. 360 at 3), Plaintiffs' efforts to do so have been less than robust, for a few reasons.

First, nowhere in any of their filings do Plaintiffs cite the relevant Federal Rule that governs this issue, nor do they specifically discuss the "good cause" standard or how it has been met here. Second, in their initial filing, Plaintiffs provided little detail in support of the Motion—simply noting that Plaintiff Harry Davis would not be able to see his physician until "later in June" and (in a way not explained in the filing) asserting that Plaintiffs believed that after this appointment they "will have all materials needed" to file an amended complaint. (D.I. 358 at ¶ 12) And third, although Plaintiffs accurately note that they were not "required to" file an amended complaint (with Section 774.204(3)-compliant materials attached) until the District Court affirmed the Report and Recommendation on April 11, 2014, (D.I. 363 at ¶ 18), that glosses over the reality that since the Report and Recommendation was issued in February 2014, Plaintiffs have at least been aware of the real and likely possibility that amendment would be required. Despite this, in their filings, Plaintiffs do not provide significant detail as to what actions they have taken to gather relevant Section 774.204(3) materials since February 2014, nor as to when they took any such actions. *Cf. Serefex Corp. v. Jonas*, No. 2:13-cv-356-FtM-29CM, 2014 WL 1285915, at *2 (M.D. Fla. Mar. 31, 2014) (court noting that, although it granted a motion seeking extension of time pursuant to Rule 6(b)(1)(A), the moving party's failure to sufficiently "describe" or "elaborate" upon its assertedly diligent efforts to comply with a prior court rule nevertheless caused the court to "question[]" whether grant of the motion was

warranted).

Nevertheless, the Court finds that Plaintiffs have, particularly in their reply brief, provided just enough information to establish good cause, sufficient to meet the relatively lenient standard governing Rule 6(b)(1)(A) motions. In their reply brief, Plaintiffs do at least reference a few steps they have recently made to attempt to comply with Section 774.204(3). (D.I. 363 at ¶¶ 12, 15, 17, 19)[2] And they provide a (slightly) better explanation as to why Mr. Davis' then-pending physician visit was asserted to have relevance to his compliance with these requirements—that the visit was for a biopsy on an additional tumor Mr. Davis has developed, and that the results of the biopsy and Mr. Davis' visit will be relevant to his physician's ability to make certain diagnoses and conclusions required by Section 774.204(3). (*Id.* at ¶ 14); *see also* FLA. STAT. §§ 774.204(3)(a) & (f).[3] Lastly, the Court notes that declining to grant the Motion would effectively lead to extinguishment of Plaintiffs' claims. This reality, even in light of Plaintiffs' minimal submission here, counsels in favor of ensuring that, in a close case, the Court errs on the side of permitting Plaintiffs every full and fair opportunity to file an amended complaint. *Cf. Ahanchian*, 624 F.3d at 1258-59 (concluding that Rule 6(b)(1) should be liberally construed to effectuate the general purpose of "seeing that cases are tried on the merits") (internal quotation marks and citations omitted).

---

[2] In their sur-reply brief, Defendants take issue with whether, under the law, certain evidence that Plaintiffs have recently gathered in fact complies with the requirements set out in Section 774.204(3)(c). (D.I. 364-1 at ¶ 3) The Court views arguments of that type more appropriately reserved for a decision on a dispositive motion.

[3] Section 774.204(3) requires that these diagnoses and conclusions be made by a "qualified physician[,]" as that term is defined in the Act. In their reply brief, Plaintiffs suggest that Mr. Davis' physician is such a "qualified physician." (D.I. 363 at ¶ 12)

5

The Court notes that the now-extended deadline for filing an amended complaint (July 14, 2014) was selected by Plaintiffs, (D.I. 359) and that it comes almost five months from the date the Report and Recommendation issued. For these reasons, in light of some of the deficiencies referenced above in Plaintiffs' submissions here, and in light of prejudice to Defendants that could result from further delay, Plaintiffs should be cognizant that failure to file an amended complaint by July 14, 2014 may well result in dismissal of the case with prejudice.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion is GRANTED. Plaintiffs are granted an extension of time until July 14, 2014 to file their amended complaint.

Dated: July 2, 2014

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE